

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Daryl Crabtree, | ) | Docket No.: 2016-01-0701 |
| Employee, | ) | |
| v. | ) | |
| Eaton Corporation, | ) | State File No.: 70024-2015 |
| Employer, | ) | |
| And | ) | |
| Old Republic Insurance Co., | ) | Judge Audrey A. Headrick |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This claim came before the Court upon a Request for Expedited Hearing filed by Daryl Crabtree. The Court issued a Docketing Notice on April 18, 2017, allowing seven business days for the parties to file objections or submit position statements. Both sides submitted position statements, and Eaton Corporation did not object to a decision on the record determination. The central legal issue is whether Mr. Crabtree is likely to establish at a hearing on the merits that Eaton must provide additional medical benefits with an unauthorized doctor for his compensable back injury. This Court holds it needs no additional information to determine this issue. For the reasons set forth below, the Court holds Mr. Crabtree is not entitled to the requested benefit at this time.

### History of the Claim

Here, the parties do not dispute that Mr. Crabtree, a sixty-one-year-old welder, sustained a low-back injury on August 28, 2015, while moving a large container of copper at work. The parties dispute whether Mr. Crabtree would likely prevail at a hearing on the merits in rebutting the statutory presumption of correctness afforded to the authorized treating physician's opinion that the need for further back treatment is not caused by the work injury.

1

After his injury, Mr. Crabtree received authorized medical treatment at Healthworks for low-back pain that radiated down his right leg. Vickie Frye, a physician's assistant, diagnosed him with a back strain and ordered a lumbar MRI. Based on the MRI, Ms. Frye referred Mr. Crabtree to an orthopedic surgeon. (Ex. 7 at 13-15.)

After the referral, Mr. Crabtree selected Dr. Rickey Hutcheson from a panel of orthopedic surgeons. (Ex. 3.) Mr. Crabtree informed Dr. Hutcheson that he had a back problem five years ago but had no problems since that time. Dr. Hutcheson examined Mr. Crabtree and reviewed his lumbar MRI. After doing so, Dr. Hutcheson indicated the L3-4 and L4-5 central stenosis with foraminal stenosis pre-existed the injury and diagnosed Mr. Crabtree with a lumbar strain and lumbar spondylosis. He prescribed medication and ordered physical therapy.

Dr. Hutcheson treated Mr. Crabtree on two other occasions. At Mr. Crabtree's last visit with Dr. Hutcheson in January 2016, Dr. Hutcheson stated, "I have done all that I can do for him." *Id*. at 22. He refilled Mr. Crabtree's prescriptions and continued his physical therapy for two more weeks. At that time, Dr. Hutcheson placed Mr. Crabtree at maximum medical improvement (MMI) with a two percent medical impairment rating for his lumbar and thoracic strains. Dr. Hutcheson discharged Mr. Crabtree and indicated he would see him as needed. Mr. Crabtree requested a second opinion due to his continued symptoms. Eaton denied his request. (Ex. 1.)

Four months later, Mr. Crabtree sought treatment on his own with Dr. Scott Hodges, an orthopedic surgeon. He told Dr. Hodges he injured his back on August 28, 2015, while moving a large barrel and indicated he had experienced pain since that time. Mr. Crabtree indicated he had not lost any time from work due to his symptoms. He disclosed that he previously treated with Dr. Jay Jolley in 2008 for his back. Melissa Shuleva, Dr. Hodges' physician's assistant, prescribed medications and gave Mr. Crabtree a lumbar spine epidural injection. (Ex. 7 at 24-26.)

Due to Mr. Crabtree's ongoing complaints of pain, numbness, and tingling down his right leg, Ms. Shuleva ordered a lumbar CT scan and myelogram. The scans indicated L4-5 mild to moderate foraminal stenosis. Dr. Hodges diagnosed Mr. Crabtree with L4-5 severe foraminal stenosis and recommended a transforaminal interbody lumbar fusion with hardware. *Id*. at 27-34.

Several months later, Dr. Hodges responded to a questionnaire from Mr. Crabtree. Dr. Hodges was asked if Mr. Crabtree's low-back condition arose primarily out of his work related injury of August 28, 2015. He provided the following response: "Yes, based on records I have available to me (old records 2007-2008)—recent records. If there are records 2008 [through] 2015-2016, this could change answer." On November 16, 2016, Eaton filed a Notice of Controversy based on the causation opinion of Dr.

Hutcheson, the authorized treating physician (ATP), and because Dr. Hodges was an unauthorized physician.[1] (Ex. 5.)

With regard to the requested benefits, Mr. Crabtree seeks medical treatment under the care of Dr. Hodges.[2] Mr. Crabtree argued he had no choice but to seek treatment on his own with Dr. Hodges since Eaton denied his claim and denied his request for a second opinion. He relied on the opinion of Dr. Hodges regarding his diagnosis and surgical recommendation.

In response, Eaton argued the Court should deny Mr. Crabtree's request for medical treatment under the care of Dr. Hodges. It relied on the opinion of Dr. Hutcheson, the panel physician, who placed Mr. Crabtree at MMI and indicated he needed no further treatment beyond the two additional weeks of physical therapy ordered at the time of discharge. Eaton also argued Mr. Crabtree did not rebut the presumption of correctness given the medical opinion of Dr. Hutcheson and contended the mere submission of Dr. Hodges' opinion is not sufficient to do so.

**Findings of Fact and Conclusions of Law**

*General Legal Principles*

In order to grant Mr. Crabtree the relief he seeks, the Court must apply the following legal principles. Mr. Crabtree bears the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, he is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Rather, at an expedited hearing, Mr. Crabtree must come forward with sufficient evidence from which this Court might determine that he is likely to prevail at a hearing on the merits. *Id.*

Here, Mr. Crabtree requests that the Court order Eaton to provide him with additional medical treatment with his own physician, Dr. Hodges. Mr. Crabtree must

---

[1] After Eaton filed its Notice of Controversy, it had Dr. Roger Berg, a New Jersey radiologist, perform a Peer Review of Mr. Crabtree's records. His opinion was that Mr. Crabtree "sustained no discernible injury to his lumbar spine, disks or nerve roots as a result of the 8/28/15 accident." (Ex. 7 at 45-47.) Although Eaton submitted Dr. Berg's Peer Review in support of its position, the Court finds it unnecessary to give any weight to the opinion of a radiologist licensed in New Jersey who only performed a record review. Since both sides admitted evidence from physicians who actually examined Mr. Crabtree, the Court finds it unnecessary to rely upon a records review.

[2] In the Dispute Certification Notice, Mr. Crabtree also raised the disputed issue of permanent disability benefits. However, since this is an expedited hearing on the record determination, the Court will not address the permanent disability benefits issue until the final compensation hearing. Similarly, Mr. Crabtree raised the issue of temporary disability benefits in the Dispute Certification Notice, but the parties did not address that issue in its filings with the Court. Accordingly, the Court will not address the temporary disability benefits issue at this time.

3

show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14) (2016). Likewise, an aggravation of a pre-existing condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Id.* Further, as the panel physician, Dr. Hutcheson's opinion regarding causation "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence." *Id.*

*Medical Benefits*

As noted above, in order to prevail, Mr. Crabtree must rebut the presumption of correctness given the medical opinion of Dr. Hutcheson. In an effort to do so, Mr. Crabtree submitted the opinion of Dr. Hodges, who recommended low-back surgery. Dr. Hodges' opinion that Mr. Crabtree's need for low-back surgery arose primarily out of his work-related injury is contingent on whether additional medical records exist from 2008 through 2016 that might alter his opinion. His medical records do not indicate that he reviewed Mr. Crabtree's medical records from either Healthworks or Dr. Hutcheson.

Conversely, Dr. Hutcheson diagnosed Mr. Crabtree with pre-existing L3-4 and L4-5 central stenosis with foraminal stenosis and indicated he was back to baseline from his work-related lumbar and thoracic strains. Dr. Hutcheson also discharged Mr. Crabtree and stated he would see him on an as-needed basis. Based on the evidence submitted, the Court holds that the mere submission of the opinion of Dr. Hodges is not sufficient to overcome the statutory presumption in favor of Dr. Hutcheson. *See Sanker v. Nacarato Trucks, Inc., et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *11-13 (July 6, 2016).[3]

Accordingly, the Court holds Mr. Crabtree is unlikely to prevail at a hearing on the merits in proving that Eaton must provide additional medical benefits with Dr. Hodges, an unauthorized doctor, for his compensable back injury. Therefore, while the Court denies his specific request for medical benefits, Mr. Crabtree remains entitled to return to see Dr. Hutcheson as his authorized treating physician.

---

[3] Although Mr. Crabtree argues Eaton wrongfully denied him a second opinion, no entitlement to a second opinion exists. Under Tennessee Code Annotated section 50-6-204(a)(3)(C) (2016), the entitlement to a second opinion regarding surgery and diagnosis only arises when the treating physician recommends surgery. Here, Dr. Hutcheson did not recommend surgery. Further, the Appeals Board recently held there is no entitlement to a second opinion on the issue of diagnosis alone. *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Crabtree's requested relief is denied at this time.

2. This matter is set for a Scheduling Hearing on August 9, 2017, at 10:00 a.m., ET. You must call 423-634-0164 or toll-free at 855-383-0001 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.

   **ENTERED this the 9th day of May, 2017.**


**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

The Court reviewed the entire case file, as listed in the docketing notice, in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

Exhibits:

1. Affidavit of Daryl Crabtree
2. First Report of Injury
3. Panel
4. Wage Statement
5. Notice of Controversy
6. Description of Injury Statement
7. Cumulative Medical Records numbered Exhibit Page 01-47:
   a. Medical Records of HealthWorks
   b. Medical Records of Dr. Nicole Bernatowicz
   c. Medical Records of Dr. Rickey L. Hutcheson
   d. Medical Records of Dr. Scott Hodges
   e. Peer Review of Dr. Roger A. Berg
8. Eaton Corporation's Salaried Position Questionnaire

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice, including list of additional issues
3. Request for Expedited Hearing
4. Employer Response to Request for Expedited Hearing
5. Order on Filing of Medical Records for Decision on the Record
6. Docketing Notice for On-The-Record Determination
7. Employee's Position Statement
8. Position Statement for Employer and Carrier

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of May, 2017.

| Name | Certified Mail | Via Email | Service Sent to: |
|------|----------------|-----------|------------------|
| Matthew Coleman, Employee's Attorney | | X | mcoleman@loganthompsonlaw.com lhaywood@loganthompsonlaw.com |
| Reed Martz, Employer's Attorney | | X | reed@freelandmartz.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**